UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs | § § | No. 1:15-CR-00043-P-BL-3 |
| BRYAN WAYNE LEMASTER | § | |

## MOTION FOR DISCOVERY AND INSPECTION
(WITH MEMORANDUM OF AUTHORITIES)

TO THE HONORABLE JUDGE FOR THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF TEXAS, ABILENE DIVISION:

Defendant, BRYAN WAYNE LEMASTER, by and through the undersigned counsel, moves the Honorable Court pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the "due process" clauses of the Fifth and Fourteenth Amendments to the constitution of the United States, and *Brady v. Maryland*, 373 U.S.83 (1963), to Order the Government to produce for inspection and copying the following which are known to be or are in the possession of the Government or any of its agents or which through due diligence would become known from the investigating officers, or witnesses or persons having knowledge of this case.

1. NOTICE OF EVIDENCE SUBJECT TO SUPPRESSION:

REQUEST:

NOTICE OF THE GOVERNMENT'S INTENTION TO USE ANY EVIDENCE (IN ITS CASE-IN-CHIEF AT TRIAL) WHICH THE DEFENDANT MAY BE ENTITLED TO SUPPRESS UNDER RULE 4(a), 12 OR 41 OR THE FEDERAL RULES OF CRIMINAL PROCEDURE, THE FOURTH, FIFTH OR SIXTH AMENDMENTS OF THE CONSTITUTION, AND, IF STATE AGENTS WERE INVOLVED, [state statues].

AUTHORITY:

Rule 12(d) of the Federal Rules of Criminal Procedure provides for notice of evidence "at the arraignment or as soon thereafter as is practicable...in order to afford an opportunity to move to suppress the evidence..." Defendant now requests such notice in order to comply with Rule 12(b)(3), F.R.Cr.P.'s requirement that motions to suppress be raised prior to trial.

2.   NOTICE OF OTHER CRIMES OR UNCHARGED MISCONDUCT:

REQUEST:

ANY AND ALL "OTHER CRIMES" OR UNCHARGED MISCONDUCT WHICH THE GOVERNMENT INTENDS TO OFFER EITHER IN ITS CASE-IN-CHIEF OR IN REBUTTAL WHICH MAY BE OBJECTIONABLE EITHER UNDER RULE 403 OR 404 OF THE FEDERAL RULES OF EVIDENCE.

AUTHORITY:

Simultaneous with this motion Defendant has moved in limine for an order directing the U.S. Attorney or his agents to avoid any reference whatsoever before the jury of "other crimes" or uncharged misconduct prior to a ruling from this Court.   Counsel will be unable to specifically object to the admission of such evidence and this Court will likewise be unable to rule on such objection until the Government discloses those "other crimes" or uncharged misconduct it intends to attempt to introduce or insinuate into evidence.   Accordingly, in the interest of judicial economy and in order to ensure Defendant's right to effective assistance of counsel

2

by providing the undersigned with an opportunity to prepare to respond to the Government's introduction of "other crimes" or uncharged misconduct, the Court should order the Government to disclose same prior to trial.

   3.   DEFENDANT'S STATEMENTS:

   REQUEST:

   ANY AND ALL WRITTEN OR RECORDED STATEMENTS MADE BY OR PURPORTED TO HAVE BEEN MADE BY THE DEFENDANT TOGETHER WITH THE SUBSTANCE OF ANY STATEMENT ATTRIBUTED TO ANY CO-DEFENDANT WHICH THE GOVERNMENT INTENDS TO OFFER IN EVIDENCE AT THE TRIAL IN THE ABOVE ENTITLED AND NUMBERED CAUSE, INCLUDING BUT NOT LIMITED TO ANY AND ALL DOCUMENTS, INSTRUMENTS OR FORMS PREPARED BY, SIGNED, REVIEWED, OR OTHERWISE ADOPTED BY DEFENDANT AS HIS OWN STATEMENT. [RULE 16(a)(1)(A), F.R.Cr.P.].

   AUTHORITY:

### WRITTEN AND RECORDED STATEMENTS

   Statements of the Defendant are discoverable pursuant to the express provisions of Rule 16(a)(1)(A), F.R.Cr.P. Disclosure by the Government of the contents of any statement attributable to the Defendant is necessary in order for the Defendant to adequately prepare for trial and for his counsel to intelligently advise said Defendant whether he should testify or invoke his privilege under the Fifth Amendment to the Constitution. *Johnson v. U.S.*, 344 F.2d 163 (D.C.Cir.1964); *Poe v. U.S.*, 233 F.Supp. 173 (D.C.Cir.1964),

aff'd 352 F.2d 639 (1965); *Inge v. U.S., 356 F.2d 345 (D.C.Cir.1966)*.

Discovery of statements or confession of the Defendant under Rule 16(a)(1) of the F.R.Cr.P. should not only include written or recorded statements made by the Defendant to Government agencies but to other individuals as well. *U. S. v. Baker*, 262 F.Supp. 657, 671-72 (D.C.Cir.1966); *Davis v. U.S.*, 413 F.2d 1226, 1230-31 (5th Cir.1969); *U.S. v. Lubomski*, 277 F.Supp. 713, 719-22 (N.D.Ill.1967).

Discovery of the Defendant's statements under Rule 16(a)(1) should include not only verbatim statements made by the Defendant but also any summaries or government reports setting out the substance of the Defendant's statements or statements attributable to him. *U.S. v. Federman*, 41 F.R.D. 339 (S.D.N.Y.1967); *U.S. v. Scharf*, 267 F.Supp. 19 (S.D.N.Y.1967); *U.S. v. Hasiwar,* 299 F.Supp. 1053 (S.D.N.Y.1969); *U.S. v. Jefferson*, 445 F.2d 247 (D.C.Cir.1971) (including notes of names and dates of interviews with alibi witnesses); *U.S. v. Curry*, 278 F.Supp. 508 (N.D.Ill.1967); *U.S. Morrison*, 43 F.R.D. 516 (N.D.Ill.1967); *U.S. v. Pilnick*, 267 F.Supp. 791, 801 (S.D.N.Y.1967); *U.S. v. Reid*, 43 F.R.D. 520 (N.D.Ill.1967); *U.S. v. Feinberg*, 371 F.Supp. 1205 (N.D.Ill.), aff'd in part, rev'd in part, 502 F.2d 1180 (7th Cir.1974), cert. denied, 420 U.S. 926 (1975). And the court, pursuant to Rule 16(e), of the F.R.Cr.P., may enter a protective

4

order requiring a partial disclosure of only those portions of the government reports or summaries which relate to a summary of a Defendant's oral statements.    Wright, Federal Practice and Procedure, Criminal, § 253, at p. 506; *U.S. v. Garrett*, 305 F.Supp. 267 (S.D.N.Y.1969); ABA Standards, Discovery and Procedure Before Trial, Approved 1970, at p.62.

4.    "CATCH-ALL" HEARSAY EXCEPTIONS:

REQUEST:

THE SUBSTANCE OF ANY HEARSAY STATEMENTS THE GOVERNMENT INTENDS TO OFFER UNDER RULES 803(24) OR 804(b) THE FEDERAL RULES OF EVIDENCE.

AUTHORITY:

Defendant intends to object to the proffer of hearsay testimony offered at his own or a joint trial and intends to move to suppress such testimony at a hearing under Rule 104(a) of the Federal Rules of Evidence.   Where the Government seeks to offer such hearsay testimony under the catch-all "other exceptions" of Rules 803(24) and 804(b)(5) these Rules expressly require notice of same prior to trial.

"A statement may not be admitted under this exception unless the proponent of it makes known to the adverse party SUFFICIENTLY IN ADVANCE OF THE TRIAL OR HEARING to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name

and address of the declarant."   (emphasis added) Rules 803(24); 804(b)(5), Federal Rules of Evidence.

Therefore, pursuant to the advance notice requirement of such rules, the Government is required to disclose the substance of any statements it intends to offer and Defendant hereby makes demand for the same.

5.   CO-CONSPIRATOR'S HEARSAY EXCEPTIONS:

REQUEST:

THE SUBSTANCE OF ANY AND ALL STATEMENTS WHICH THE GOVERNMENT ALLEGES ARE ADMISSIBLE AS STATEMENTS OF A CO-CONSPIRATOR MADE DURING THE COURSE AND IN FURTHERANCE OF THE CONSPIRACY. [RULE 801(d)(2)(E), F.R.Evid.; RULE 16(a)(1)(A), F.R.Cr.P.]

AUTHORITY:

Statements of co-conspirators made during the course of the conspiracy and in furtherance of the claims and objectives of the conspiracy may be exceptions to the hearsay rule and admissible pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence. The rationale underlying that rule is that each co-conspirator is the "agent" of the other once the conspiracy is shown to exist. See: Advisory Committee's Notes, Rule 801(a)(2)(E).   And as a Defendant's agent, statements made by co-conspirators within the scope of that agency and in furtherance of same are said to be impliedly authorized by the Defendant as principal and are therefore admissions by the Defendant.   Given that such co-

conspirator's statements are admissible because they are treated as statements of or adopted by the Defendant, then such statements should be discoverable as the Defendant's own pursuant to Rule 16(a)(1)(A) on the same theory. *U.S. v. Agnello,* 367 F.Supp. 444, 448-49 (E.D.N.Y.1973); *U.S. v. Turkish,* 458 F.Supp. 874, 882 (S.D.N.Y.1978), aff'd, 623 F.2d 769 (2d Cir.1980), [requiring disclosure of statements where not made by prospective government witness]; *U.S. v. Fine,* 413 F.Supp. 740, 742-43 (W.D.Wis.1976); *U.S. v. Mays,* 460 F.Supp. 573, 573-76 (E.D.Tex.1978). Cf. *U.S. v. Ostrer,* 481 F.Supp. 407 (S.D.N.Y.1979); *U.S. v. Hall,* 424 F.Supp. 508 (D.Okla.1975), aff'd, 536 F.2d 313 (10th Cir.), cert. denied, 429 U.S. 919 (1976).

6. DEFENDANT'S PRIOR RECORD:

REQUEST:

A COPY OF ANY OF THE DEFENDANT'S PRIOR CRIMINAL RECORD, IF ANY. [RULE 16(a)(1)(B), F.R.Cr.P.]

AUTHORITY:

Rule 16(a)(1)(B), F.R.Cr.P., authorizes in mandatory terms the production by the Government of Defendant's prior criminal record, if any.

7. DOCUMENTS AND TANGIBLE OBJECTS:

REQUEST:

ANY AND ALL BOOKS, PAPERS, DOCUMENTS, CREDIT CARD RECEIPTS, AUTOMOBILE REGISTRATION, HOTEL/MOTEL REGISTRATIONS, PHOTOGRAPHS, OR

OTHER TANGIBLE OBJECTS WHICH THE GOVERNMENT MAY INTEND TO USE AS
EVIDENCE IN THEIR CASE-IN-CHIEF AT TRIAL OR WHICH ARE OBTAINED FROM
OR ALLEGED TO BELONG TO OR WERE MADE OF THE DEFENDANT, INDICTED OR
NOT, OR WHICH THE GOVERNMENT PLANS TO OFFER IN EVIDENCE IN THIS
CASE OF WHICH ARE MATERIAL TO THE PREPARATION OF DEFENDANT'S
DEFENSE.

AUTHORITY:

Rule 16(A)(1)(C), F.R.Cr.P., authorizes the discovery of all
books, papers, documents and tangible objects in the possession or
control of the Government.

The objects requested are discoverable since any such items
upon which the government relied in obtaining an indictment against
the Defendant are of necessity "material" to the cause and the
preparation of an adequate defense, *U.S.* v. Pilnick, 267 F.Supp.
791, 801 (S.D.N.Y.1967); *U.S. v. Wolfson*, 294 F.Supp. 267, 277
(D.Del.1968); *U.S. v. Reid*, 43 F.R.D. 520, 522 (N.D.Ill.1967); *U.S.
v. Aadal,* 280 F.Supp.859, 861 (S.D.N.Y.1967), aff'd, 407 F.2d 381
(2d Cir.), cert. denied, 395 U.S. 967 (1969); *U.S. v. Conder,* 423
F.2d 904, 911 (6th Cir.), cert. denied sub nom., 400 U.S. 958(1970),
and any that are "intended for use by the Government as evidence in
chief at the trial" or were "obtained from or [will be alleged to]
belong to the Defendant" are required to be produced pursuant to
the mandatory terms of Rule 16(a)(1)(C), F.R.Cr.P.

8.   WITNESS NAMES AND ADDRESSES:

REQUEST:

THE NAMES AND ADDRESSES OF PERSONS WHO HAVE KNOWLEDGE PERTAINING TO THIS CASE OR WHO HAVE BEEN CONTACTED BY THE GOVERNMENT OR THEIR AGENTS IN CONNECTION WITH THIS CASE.

AUTHORITY:

The names of persons with knowledge of the facts relevant to the case is the most critical information obtainable for preparation of an adequate defense and to ensure a fair trial. In light of the authority given the Courts under Rule 16(d)(1), F.R.Cr.P. to impose protective orders against any intimidation of Government witnesses, it would appear unconscionable to deny this Defendant the names of persons known to the Government who have knowledge of facts relevant to the case.  Accordingly, the names of Government witnesses or other persons having knowledge of facts regarding the case, should be discoverable by the defense prior to trial.  *U.S. v. Leichtfuss,* 331 F.Supp. 723 (N.D.Ill.1971); *U.S. Palmisano,* 273 F.Supp. 750, 752 (E.D.Pa.1967); *U.S. v. Moceri,* 359 F.Supp.431 (N.D.Ohio 1973); *U.S. v. Hardy,* Slip Opinion No. CR86969 (D.D.C.1968); *U.S. v. Baum,* 482 F.2d 1325 (2d Cir.1973); *Gregory v. U.S.,* 369 F.2d 185 (D.C.Cir.1966).

### RIGHT TO INTERVIEW KNOWN WITNESSES

Where witnesses, particularly eye witnesses, are known to the defense they should be made available to both sides.  *U.S. v.*

*Brown*, 555 F.2d 407, 425 (5th Cir.1977); *U.S. v. Murray*, 492 F.2d 178, 194 (9th Cir.1973), cert. denied sub non., *Tocco v. U.S.*, 405 U.S. 974 (1972); *U.S. v. Gregory*, 369 F.2d 185 (D.C.Cir.1966); *U.S. Walton*, 602 F.2d 1176, 1179-1180 (4th Cir.1979).

"Witnesses, particularly eye witnesses to a crime are the property of neither the prosecution nor the defense.  Both sides have an equal right, and should have an equal opportunity to interview them."

*Gregory v. U.S.*, 369 F.2d 185 (D.C.Cir.1966).

Even when those witnesses are in protective custody.  *U.S. v. Walton*, 602 F.2d 1176 (4th Cir.1979).  In *Walton*, the Fourth Circuit held that even where the government felt "...it necessary to place the witnesses in protective custody", it remains "the duty of the trial court to ensure that counsel for defense has access to the secluded witness under controlled arrangements", at p. 1180 noting:

"A witness is not the exclusive property of either the government or a defendant; a defendant is entitled to have access to any prospective witness, although in the end the witness may refuse to be interviewed."

*U.S. v. Walton,* supra at pp. 1177-78.

One Court recently even required Government counsel send each Government witness a letter advising each witness that:

"I suggest, therefore, that it is in your best interests and that of the Court to cooperate with the lawyers in the case as they

strive to determine the facts and decide whether your testimony will be required."

See *U.S. v. Rogers,* 642 F.Supp. 934, (D.Colo.1986).

The Defendant in this cause respectfully requests such an order. And, where the Government has knowledge of individuals whose testimony might be of benefit to the defense, either in exculpation or mitigation, the Government is under a constitution obligation to disclose the names of such individuals. See *Meers v. Wilkins,* 326 F.2d 135 (2d Cir.1964); *U.S. v. Houston*, 339 F.Supp. 762 (N.D.Ga.1972); *Brady v. Maryland*, 373 U.S. 83 (1963).

The names and addresses of individuals who the Government intends to call as witnesses at the trial is necessary in order to afford the Defendant and his counsel effective confrontation and cross-examination of these witnesses guaranteed by the Sixth Amendment to the Constitution of the United States, *Pointer v. Texas*, 380 U.S. 400 (1965), since effective confrontation and cross-examination requires that a Government witness:

"...be identified with his community so that independent testimony may be sought and offered of his reputation for veracity in his own neighborhood...that the jury may interpret his testimony in the light reflected upon it by knowledge of his environment...and that facts may be brought out tending to discredit the witness by showing that his testimony in chief was untrue or biased."

11

*Alford v. U.S.*, 282 U.S. 687(1931).

It is critical, therefore, in order to effectuate meaningful confrontation and cross-examination that the identity of the witnesses be disclosed well in advance of trial. When "...the credibility of a witness is in issue, the very starting point in 'exposing falsehood and bringing out the truth through cross-examination' must necessarily begin with the witnesses' name and address." *Smith v. Illinois*, 390 U.S. 129 (1968). It is the "witnesses' name and address [which] open countless avenues of in-court examination and out-of-court investigation." *Smith v. Illinois, Supra.* And this necessary "out-of-court investigation" cannot be conducted unless the names and addresses of the witnesses are furnished well in advance of trial.

9.   STATEMENTS OF GOVERNMENT WITNESSES:

**PRETRIAL DISCLOSURE NO LONGER PROHIBITED**

The language of Rule 26.2 provides a right to mandatory disclosure of a witness' statement "after [the] witness has testified on direct examination." Such disclosure is no longer limited, as was the predecessor statute, the Jencks Act [18 U.S.C.A. § 3500], "until [after] said witness has testified on direct examination in the trial of the case," [Emphasis supplied], 18 U.S.C. § 3500(a).

Prior decisions interpreting the Jencks Act had held that § 3500(a)'s express prohibition against disclosing witness' statements

12

"until said witness has testified on direct...in the trial of the case", precluded pretrial disclosure of such statement. *U.S. v. Carter*, 621 F.2d 238, 240(6th Cir.1980); *U.S. v. Jones*, 612 F.2d 453, 455(9th Cir.1979); *U.S. v. Campagnurolo*,592 F.2d 852, 858(5th Cir.1979).

However, since Rule 26.2 has no such language precluding disclosure of witness statements prior to trial, courts have applied Rule 26.2 to provide for pretrial discovery of witnesses' statements at pretrial hearings [FN1], even where the statement was made by one other than the testifying witness and such production of prosecution witnesses' statements has even been required at preliminary hearings and bail detention hearings.   See: *U.S. Musgrave*, ___ F.Supp.___, No. SA-80-CR-70(W.D.Tex., July 22, 1985):

> FN1.  In *U.S. v. Salinas* et al., No. SA-90-CR-57(Sept. 25, 1990 W.D. Texas).  The District Court ordered the government to produce witnesses' statements to the Magistrate presiding over the motion to suppress so that he determine which should be provided to the defendants.  See Magistrate's Order for Production.

"The Government claims that Rule 12(i) of the Federal Rules of Criminal Procedure limits the application of Rule 26.2 to suppression hearings.  This Court does not agree.  While Rule 12(i) provides that Rule 26.2 shall apply at suppression hearings, it contains no other language that would appear to limit the Rule's application strictly to hearings arising in connection with a motion to suppress...Rule 26.2 contains no indication that the rule is to apply only at suppression hearings or at trial.  Compare Rule

13

26.2, Federal Rules of Criminal Procedure with 18 U.S.C. § 3500.
Consequently, this Court believes that Rule 26.2 applies to the
proceeding at issue and thus believes that the statements read by
Special Agent Allen should have been disclosed to the Defendant
insofar as they were relevant to his testimony." [Emphasis
supplied].

1.   CRIMINAL RECORDS OF ALL WITNESSES:

REQUEST:

ANY AND ALL CRIMINAL ARREST AND CONVICTION RECORDS OF ALL
PERSONS IN PARAGRAPH 8 THE GOVERNMENT PLANS TO CALL AS WITNESSES.

AUTHORITY:

The arrest and conviction records, or "rap sheets", of
individuals the Government plans to call as witnesses requested in
Paragraph 8 herein should be discoverable pursuant to Rule
16(a)(1)(B), F.R.Cr.P.

This information is critically important for meaningful cross-
examination by Defendant's Counsel.   And Defendant unlike the
Federal Government with its vast data storage and investigative
facilities, is at a substantial disadvantage without such
information.   Wright, Federal Practice and Procedure, Criminal §
254, noting that Defense Counsel is at a "substantial disadvantage"
without the criminal records of Government witnesses in advance of
trial.

Furthermore, the vast investigatory resources of the United

14

States far outstrip those of this modest Defendant creating an unfair balance of advantage favoring the prosecution. The Supreme Court has reiterated that the Due Process Clause of the Fifth Amendment "...does speak to the balance of forces between the accused and his accuser." *Wardius v. Orgeon*, 412 U.S. 470 (1973). These vast investigative resources, if not open to the minimal disclosure herein requested, provide the Government with "non-reciprocal benefits" in preparing this case, and "...when the lack of reciprocity interferes with the Defendant's ability to secure a fair trial" such constitutes a violation of the Defendant's constitutionally protected right to due process. *Wardius v. Oregon, supra.*

"[T]he [prosecution's] inherent information gathering advantages suggest that if there is to be imbalance in discovery rights, it should work in the Defendant's favor."

*Wardius v. Oregon, supra,* at p. 475.

Effective confrontation and cross-examination at trial requires that the criminal records of Government witnesses be produced prior to trial. Prior convictions are admissible for impeachment purposes, and these convictions may be proved conclusively only by certified copies of convictions. These documents can be obtained from the Clerk of the Court in the Jurisdiction where the conviction occurred. And, accordingly, pre-trial access to F.B.I. arrests and conviction records are necessary

15

to provide information which will lead to these documents in sufficient time to be of use at the trial herein.

Defendant submits that this evidence constitutes exculpatory material within the meaning of *Brady v. Maryland, supra,* and therefore, production is required as a matter of due process. The fact that such information would serve to impeach any testimony by said witness is sufficient to bring the statement under the scope of *Brady v. Maryland*, supra, since the duty imposed upon the Government by *Brady* to disclose evidence it has in its possession applies to any information "...favorable to the accused either as direct or impeaching evidence" [emphasis added] *Williams v. Dutton,* 400 F2d 797 (5th Cir.1968); *U.S. v. Keogh,* 391 F.2d 138 (2d Cir.1968). Furthermore, the Defendant, will be unable to comply with the requirements of Rule 601(b) requiring advance written notice of intent to use certain prior convictions for impeachment purposes, where Defendant is deprived of access to such records.

11.   WRITTEN STATEMENTS OF PERSONS NOT CALLED AS WITNESSES:

REQUEST:

WRITTEN STATEMENTS OF ALL PERSONS IN PARAGRAPH 8 WHO THE GOVERNMENT DOES NOT PLAN TO CALL AS WITNESSES.

AUTHORITY:

The written statements in the possession of the Government of individuals who the Government does not plan to call as witnesses which have been requested in Paragraph 8 hereof are discoverable

under the provisions of Rule 16(a)(1)(C), F.R.Cr.P., as such statements would not be obtainable at any time under the Jencks Act or Rule 26.2, F.R.Cr.P., since those statutes provide for discovery only of statement of witnesses who actually testified at trial. Accordingly, pursuant to Rule 16(a)(1)(C), F.R.Cr.P., Defendant should be granted discovery of the statements of any such witnesses who the Government does not intend to call as witness at trial. *U.S. v. Hardy*, Slip Opinion, No. CR.869-69 (D.D.C.1968); *U.S. v. Gleason*, 265 F.Supp. 880, 887 (S.D.N.Y.1967);   *U.S. v. Ladd*, 48 F.R.D. 266 (D. Alaska 1969); 8 Moore's Federal Practice, 16.05(4); Wright, Recent Changes in the Federal Rules of Procedure, 42 F.R.D. 552,569 (1966).

Since the language of the exemption in Rule 16(a)(2) is based upon the assumption that statements made to Government agents are discoverable at trial under Jencks Act or Rule 26.2 F.R.Cr.P., any "statement" which is not discoverable at trial pursuant to said statute should be discoverable prior to trial under the provisions of Rule 16(a)(2), F.R.Cr.P. *Davis v. U.S.*, 413 F.2d 1226(5th Cir.1969).

12.   INFORMANT'S NAME, IDENTITY AND WHEREABOUTS:

REQUEST:

THE NAME, IDENTITY AND WHEREABOUTS OF ANY INFORMER WHO GAVE INFORMATION LEADING TO DEFENDANT'S ARREST OR INDICTMENT.

AUTHORITY:

17

The name, identity, and whereabouts of the informer who gave information leading to the arrest and/or indictment of Defendant, as well as whether said informer was paid by the Government for such information requested herein, is discoverable where said informant is a witness to or has knowledge of facts relevant to the case. *U.S. v. Barnes*, 486 F.2d 776 (8th Cir.1973). See also *Roviaro v. U.S.,* 353 U.S. 53, 64 (1967); *U.S. Solomon*, 26 F.R.D. 397 (N.D.Ill.1967); *Lopez-Hernandez v. U.S.,* 394 F.2d 820 (9th Cir.1968); *U.S. v. Silva*, 580 F.2d 144 (5th Cir.1978); *U.S. v. Ayala*, 643 F.2nd 244(5th Cir.1981).

"The informer's level of involvement with the criminal activity is an important consideration. *Suarez v. U.S.,* 582 F.2d 1007, 1011(5th Cir.1978); *Alvarez v. U.S.,* 525 F.2d 980 (5th Cir.), cert. denied, 425 U.S. 995 (1976). The more active the participation, the greater the need for identification. *U.S. v. Gonzales*, 606 F.2d 70 (5th Cir.1979)."

*U.S. v. Ayala, supra*, at p. 246.

And even where the "informer was not an integral member of the criminal activity" his identity may be required where he was more than a "passive observer" or "tipster". *U.S. v. Ayala, Supra*, at p. 246 [where female informer "arranged the initial meeting", "acted as an intermediary relaying messages" and was "also present at each meeting"].

13.  REPORTS OR CONCLUSIONS OF SCIENTIFIC TESTS OR ANALYSIS:

REQUEST:

ANY AND ALL WRITTEN REPORTS OF ANY SCIENTIFIC ANALYSIS OR CHEMICAL ANALYSIS CONDUCTED BY THE GOVERNMENT OR ANY OF ITS AGENTS OR ANYONE AT ITS DIRECTION.  DEFENDANT FURTHER REQUESTS THAT HE BE PROVIDED WITH THE ACTUAL OBJECT, ITEMS OR SUBSTANCES TESTED IN ORDER TO OBTAIN HIS OWN INDEPENDENT EXPERT ANALYSIS OF SAME.

AUTHORITY:

Discovery of examinations, tests and experiments requested herein is authorized by Rule 16(a)(1)(D), F.R.Cr.P. while no specific showing of materiality or reasonableness is required under the mandatory provision of rule *U.S. v. Hughes*, 413 F.2d 1244(5th Cir.); *U.S. v. Bryant*, 439 F.2d 642, 649 (D.C.Cir.1971); *U.S. v. Isa*, 413, F.2d 244, 246-7 (7th Cir.1969), the disclosure of such scientific material is particularly appropriate for the following reasons:

(1)  Any danger of intimidation of witnesses concerning these matters is so slight as to be for all practical purposes nonexistent,

(2)  Expert testimony cannot be effectively subjected to cross-examination or rebuttal without ample opportunity prior to trial to prepare appropriate material for that purpose.

(3)  Expert testimony generally has, in the eyes of a jury, unusually high probative value, coming as it does from a supposedly disinterested party and concerning matters

19

generally beyond the realm of ordinary lay information.

The defense, therefore may wish to obtain its own expert witness to conduct appropriate tests and give testimony at the trial, Criminal Justice Act of 1964, 18 U.S.C. 3006 (A)(e); F.R.Cr.P. 28(a), and accordingly, such specimens, experiments, tests and specific reports and comparisons should be discoverable prior to trial. *U.S. v. Kamionsky*, 275 F.Supp. 365 (S.D.N.Y.1967) chemical analysis of narcotics; *U.S. v. Cobb*, 271 F.Supp. 159 (S.D.N.Y.1967); *U.S. v. Kelly, 420 F.2d 26 (2d Cir.1969).*

14.  EXEMPLARS OR TESTS, FINGERPRINT IMPRESSIONS:

REQUEST:

ANY AND ALL HANDWRITING OR VOICE EXEMPLARS OR TESTS, FINGERPRINT IMPRESSIONS, OR OTHER MATERIALS OBTAINED BY WHATEVER MEANS OR PROCESS WHICH THE GOVERNMENT INTENDS TO OFFER INTO EVIDENCE OR UTILIZE AT THE TRIAL HEREIN, WHETHER SAME WERE THOSE OF DEFENDANT OR WERE THOSE OF SOME OTHER PERSON OR PERSONS KNOWN OR UNKNOWN, AND ANY AND ALL COMPARISONS OR WRITTEN REPORTS OF TESTS, ANALYSIS OR OTHER EXAMINATIONS CONDUCTED UPON SAME BY THE GOVERNMENT OR ANY OF ITS AGENTS OR ANYONE AT ITS DIRECTION.

See Paragraph 12, argument above.

15.  TRANSCRIPT OF GRAND JURY TESTIMONY:

REQUEST:

THE TRANSCRIPT OF TESTIMONY GIVEN BY ANY PERSON BEFORE THE GRAND JURY IN THIS CAUSE, INCLUDING BUT NOT LIMITED TO, THE PRECISE

NATURE OF ANY STATEMENTS ATTRIBUTABLE TO THE DEFENDANT.

AUTHORITY:

The transcript of testimony of individuals who testified before the Grand Jury in this case which is requested herein is discoverable pursuant to Rule 16(a)(1)(C), F.R.Cr.P., since such transcripts are "documents" under the rule. *U.S. v. Hughes*, 413 F.2d 1244, *1255-1257* (5th Cir.1969), vacated as moot sub nom., *U.S. v. Gifford-Hill-American*, 90 S.Ct. 817(1970).

Any discovery of recorded testimony of witnesses other than the Defendant may be discoverable pursuant to Rule 6(e), F.R.Cr.P., which expressly provides for pre-trial discovery of such Grand Jury testimony. *Dennis v. U.S.,* 384 U.S. 855 (1966).

Grand Jury testimony should be disclosed anytime the Government demonstrates no need for secrecy, *Nolan v. U.S.,* 395 F.2d 283, 286 (5th Cir.1968), and the defense shows a semblance of need [e.g., where, as here, said Grand Jury witnesses are individuals the Government intends to call at 'trial], *U.S. v. Machi,* 324 F.Supp. 153 (E.D.Wis.1971); *Allan v. U.S.,* 390 F.2d 476, 482 (D.C.Cir.1968); *Gibson v. U.S.,* 403 F.2d 166, 169 (D.C.Cir.1968); *U.S. v. Tanner,* 279 F.Supp. 457 (N.D.Ill.1967); *U.S. v. National Dairy Products Corp.,* 262 F.Supp. 447, 471, (W.D.Mo.1967), rev'd in part on other ground 384 F.2d 457 (8th Cir.1967).

And where, as here, the Government's case may depend upon oral,

unrecorded statements of the Defendant or alleged co-conspirators, then any of the Grand Jury testimony regarding the substance of those statements is necessary to adequately prepare a defense and disclosure should be required prior to trial.

"where the question of guilt or innocense may turn on exactly what was said, the defense is clearly entitled to all relevant aid which is reasonably available to ascertain the precise substance of the statements."

*Dennis v. U.S.,* 384 U.S. 855, 872-873 (1966).

16.  DEMAND FOR EXCULPATORY AND IMPEACHING EVIDENCE.

REQUEST:

ANY AND ALL MATERIAL KNOWN TO THE GOVERNMENT OR WHICH MAY BECOME KNOWN, OR WHICH THROUGH DUE DILIGENCE MAY BE LEARNED FROM THE INVESTIGATING OFFICERS OR THE WITNESSES OR PERSON HAVING KNOWLEDGE OF THIS CASE, WHICH IS EXCULPATORY IN NATURE OR FAVORABLE TO THE ACCUSED OR WHICH MAY LEAD TO EXCULPATORY OR FAVORABLE MATERIAL OR WHICH MIGHT SERVE TO MITIGATE PUNISHMENT, INCLUDING ANY EVIDENCE IMPEACHING OR CONTRADICTING TESTIMONY OF GOVERNMENT WITNESSES [I.E. PRIOR CONVICTIONS OR PRIOR INCONSISTENT STATEMENTS OF GOVERNMENT WITNESSES] OR INSTRUCTIONS TO GOVERNMENT WITNESSES NOT TO SPEAK WITH OR DISCUSS THE FACTS OF THE CASE WITH DEFENSE COUNSEL.

AUTHORITY:

The exculpatory or favorable evidence requested herein is

discoverable pursuant to the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution. *Brady v. Maryland*, 373 U.S. 83 (1963).

This right of Defendant to disclosure of "favorable" evidence exists whether evidence is material to the Defendant's guilt or to mitigation of his punishment, *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and regardless of whether such exculpatory evidence would be admissible in Defendant's behalf at trial "...or in obtaining further evidence." *Giles v. Maryland*, 386 U.S. 66, 74 (1967). The evidence need not be competent evidence or admissible at trial. *U. S. v. Gleason*, 265 F.Supp. 880, 886 (S.D.N.Y.1967).

The right to disclosure under *Brady* should include the right to pre-trial discovery by the Defendant. *U.S. v. Gleason*, 265 F.Supp. 880, 884-884 (S.D.N.Y.1967); *U.S. Morrison*, 43 F.R.D. 516 (N.D.Ill.1967); *U.S. v. Ahmad*, 53 F.R.D. 186, 193-194 (M.D.Pa.1971); *U.S. v. Partin*, 320 F.Supp. 275, 284-285 (E.D.La.1970); *U.S. ex rel. Drew v. Myers*, 327 F.2d 174 (3rd Cir.), cert. denied, 379 U.S. 847 (1964); ABA Standards, Discovery and Procedure Before Trial, Approved 1970, § 2.1.

Evidence which may serve to impeach the testimony or credibility of a Government witness is discoverable under *Brady* since the duty upon the Government to disclose evidence favorable to a defendant under *Brady* applies to any information "...favorable to the accused either as direct or impeaching evidence." [emphasis

23

added] *Williams v. Dutton*, 400 F.2d 797 (5th Cir.1968)[fact that eye-witness to crime initially failed to identify defendant at lineup]; *Powell* v. Wiman, 287 F.2d 275 (5th Cir.1961) [mental instability on part of key prosecution witness]; *Giles v. Maryland,* 386 U.S.66(1967)[evidence of prior unchastity and mental condition of complaining witness].

Where exculpatory evidence is obtained in a statement of a Government witness discoverable under Rule 26.2 F.R.Cr.P. only after the witness has testified, the Rules "...statutory restrictions must be accommodated to the demands of due process", and the relevant portions of the statement disclosed prior to trial.    *U.S.    v.    Gleason*,    265    F.Supp.    880,    887 (S.D.N.Y.1967)[Discussing Rule 26.2's predecessor, the Jencks Act].

Under *Brady* a particularized request is a practical impossibility since the "due process" requirements of *Brady* require that the Government provide the Defendant with exculpatory, mitigating or favorable evidence not in the possession of the defense.  Consequently, if the defense is unaware of such evidence it would be hard pressed to request same with any particularity.

"If the defense does not know of the existence of the evidence, it may not be able to request its production.  A murder trial-indeed any criminal proceeding- is not a sporting event." (Fortis, Jr., concurring) *Giles v. Maryland*, 386 U.S. 66 (1967).

The United States Attorney or other agents of the United

Stated Government involved in the investigation and preparation of this case have the possession, custody or control of each of the above requested items and information, or through the exercise of reasonable diligence would be able to obtain such possession or locate the whereabouts of such items or information.  Each of these items is material to the preparation of an adequate defense and is reasonable in light of the facts set out herein.

17.  SUBSTANCE OF PROMISES OR PLEA BARGAINS BETWEEN WITNESS AND GOVERNMENT:

REQUEST:

NOTICE OF ANY PENDING CHARGES, INDICTMENTS, PROBATION, PAROLE, THE EXISTENCE OF OFFENSES KNOWN TO THE GOVERNMENT FOR WHICH THE DEFENDANT HAD NOT BEEN CHARGED, AS WELL AS THE SUBSTANCE OF ANY AND ALL STATEMENTS OR DISCUSSIONS HAD WITH ANY ALLEGED CO-DEFENDANTS HEREIN OR WITH ANY SUCH PERSON'S COUNSEL INDICATING A PROMISE OR A SUGGESTION OF LENIENCY, COMPENSATION, ASSURANCE NOT TO PROSECUTE, AGREEMENT TO PROCEED ON ONLY CERTAIN COUNTS OF AN INDICTMENT, REPRESENTATIONS WITH RESPECT TO YET UNCHARGED MISCONDUCT, OR ANY BENEFIT ACCRUING TO SAID INDIVIDUALS WHATSOEVER IN EXCHANGE FOR THEIR COOPERATION, ASSISTANCE OR TESTIMONY AT THE TRIAL HEREIN, AS WELL AS ANY PROBATIONS, PAROLES, PENDING CHARGES OR OTHER OFFENSES KNOWN TO THE GOVERNMENT WHICH HAVE NOT BEEN CHARGED, AS SAME RELATE TO A GOVERNMENT WITNESS' MOTIVE FOR TESTIFYING ON THEIR BEHALF.

25

AUTHORITY:

Evidence of any plea bargains or other representations of benefit which have been made by the Government or which the Government will make at any future time is discoverable pursuant to the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution, and the withholding of any such evidence constitutes a denial to the Defendant herein of his constitutionally protected rights to due process and fundamental fairness in the criminal proceedings not brought against them. *Giglio v. U.S.*, 405 U.S. 150 (1972); *Brady v. Maryland*, Supra. Such evidence is not only exculpatory in the sense that it is legitimate grounds for impeachment of an witnesses the Government may call to testify against the Defendants, *Williams v. Dutton,* 400 F.2d 797 (5th Cir.1968)[impeachment evidence is exculpatory evidence discoverable under *Brady*], but also is discoverable by the Defendant in order to show such witnesses' bias or prejudice in testifying at such trial. *Davis v. Alaska*, 415 U.S. 308(1974).

But it is not only what the Government has promised or said, but what the witness has hanging over his head which might cause him to "curry favor" with the prosecution. Thus no "agreement" or "deal" for the witness' testimony need be shown. *U.S. v. Crumley*, 565 F.2d 945 (5th Cir.1978); *Brown v. Vance*, 637 F.2d 272, 276 (5th Cir.1981); *U.S. v. Mayer,* 556 F.2d 245, 249 (5th Cir.1977; *Burr v. Sullivan*, 618 F.2d 583, 587(9th Cir.1980).

"Whether or not a deal existed is not crucial. What is important is whether the witness may be shading his testimony in an effort to please the prosecution. A desire to cooperate may be formed beneath the conscious level, in a manner not apparent even to the witness, but such a subtle desire to assist the state nevertheless may cloud perception."

*Greene v. Wainwright, supra, at p.276.*

Therefore, such discoverable evidence includes prior arrests or pending indictment against prosecution witness, *U.S. v. Musgrave*, 483 F.2d 327(5th Cir.), cert. denied, 414 U.S. 1023(1973); *U.S. v. Croucher*, 532 F.2d 1042 (5th Cir.1976); *U.S. v. Garrett*, 542 F.2d 23(6th Cir.1976); *U.S. v. DeLeon*, 498 F.2d 1327(7th Cir.1974)[no indictment]; *U.S. v. Garcia*, 531 F.2d 1303 (5th Cir.), cert. denied, 429 U.S. 941 (1976); *Hart v. U.S.,* 585 F.2nd 1280 (5th Cir.1978) ["although the mere existence of an arrest is not admissible to impeach the credibility of a witness, this court has recognized that arrests may be admissible to show that an informer might falsely testify favorably to the Government in order to put his own cases in the best light possible."], cert. denied, 442 U.S. 941 (1979). Pending probation against the prosecution witness, *Davis v. Alaska*, 415 U.S. 308 (1974). Such discoverable evidence may also include "deals" to benefit third parties, *U.S. v. Williams*, 592 F.2d 1277 (5th Cir.1979), or "deals" for special treatment, *Chavis v. North Carolina*, 637 F.2d 213 (4th Cir. 1980).

27

WHEREFORE, the Defendant respectfully moves this Honorable Court to Order the production of the above described papers, documents, and information now in the possession of the Government or which through reasonable diligence could be obtained or located, and for such other and further relief as this Honorable Court should deem just and proper.

Respectfully submitted,

GRAY & BRIGMAN, PLLC
206 West College Avenue
San Angelo, Texas 76903
(325) 653-4594
(325) 657-0039 FAX

By: _____
FRED C. BRIGMAN, III
State Bar No. 02993010
Attorney for BRYAN W. LEMASTER

## CERTIFICATE OF CONFERENCE

I certify that I conferred with JUANITA FIELDEN of the United States Attorney's Office and she is not opposed to this motion.

_____
FRED C. BRIGMAN, III

## CERTIFICATE OF SERVICE

This is to certify that on July 27, 2015, the foregoing document was filed using the CM/ECF filing system, causing an electronic copy to be delivered to JUANITA FIELDEN, at the United States Attorney's Office.

_____
FRED C. BRIGMAN, III

28